```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

Tradition Homes, LLC, a Florida
Limited Liability Company,

                Plaintiff,

vs.                              Case No.   3:06-cv-558-J-33HTS

Textron Financial Corporation, a
Delaware Corporation; David
Sapienza, an individual; and Larry
Frye, an individual,

                Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Defendants' Motion to Dismiss Count V of Plaintiff's Complaint (Doc. # 11), filed on August 9, 2006.  Plaintiff's Response (Doc. # 12) was filed on August 23, 2006.

On June 21, 2006, Plaintiff filed a five-count Complaint (Doc. # 1) against Defendants.  Count V of the Complaint alleged Tortious Interference with Advantageous Business Relations with investors and potential investors against Defendants Textron, Sapiezna, and Frye.[1]  Defendants moved for dismissal of Count V, arguing that

---

[1] The other counts of the Complaint are as follows: Count I-- Tortious Interference with Advantageous Business Relations (Between Tradition and Alternative Floor Plan Lenders)(Against Textron, Sapienza, and Frye); Count II-- Tortious Interference with Advantageous Business Relations (Between Tradition, its Customers, and Potential Customers)(Against Textron, Sapienza, and Frye); Count III-- Deceptive and Unfair Trade Practices (Against Textron); and Count IV-- Defamation, Trade Libel, and Disparagement (Against
(continued...)

dismissal was appropriate because, under Florida law, to prevail on a claim for tortious interference, a Plaintiff must show that the defendant intended to interfere with a specific advantageous business relationship, and thus the Defendants' conduct must be directed toward such interference.  (Doc. # 11, p. 2); see also Tamiami Trail Tours, Inc. v. Cotton, 463 So. 2d 1126, 1127 (Fla. 1985); Zimmerman v. D.C.A. at Welleby, Inc., 505 So. 2d 1371, 1373 (Fla. 4th DCA 1987)(quoting Symon v. J. Rolfe Davis, Inc., 245 So. 2d 278, 280 (Fla. 4th DCA 1971), cert. den. 249 So. 2d 36 (Fla. 1971)).  Because Plaintiff did not allege that Defendants ever communicated with the investors and did not allege that Defendants intended to interfere in Plaintiff's advantageous business relationship with its investors, Defendants argued that Count V should be dismissed.

In response, Plaintiff contended that its allegations were sufficient to satisfy the standard required for pleadings under the Federal Rules.  However, in spite of its belief that its allegations were sufficient, Plaintiff stated that:

> having reviewed the case law cited by the Defendants in support of the Motion to Dismiss, Tradition has no objection to the entry of an Order dismissing Count V of the Complaint so long as the Order does not prejudice Tradition's ability to pursue damages for the injury to the relationship between Tradition and its investors through an alternative theory of recovery, if appropriate.

---

[1](...continued)
Textron, Sapienza, and Frye).

(Doc. # 12, pp. 1-2.)

In light of Plaintiff's Response, Defendants' Motion to Dismiss is due to be granted as unopposed; however, this Order does not foreclose Plaintiff from pursuing damages for the injury to its relationship with its investors through an alternative theory of recovery.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

Defendants' Motion to Dismiss Count V of Plaintiff's Complaint (Doc. # 11) is **GRANTED AS UNOPPOSED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 3rd day of January, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record