UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRADITION HOMES, LLC, a Florida Limited
Liability Company,

                      Plaintiff,

vs.                                              Case No. 3:06-cv-558-J-33HTS

TEXTRON FINANCIAL CORPORATION, a
Delaware Corporation; DAVID SAPIENZA, an
individual; and LARRY FRYE, an individual,

                      Defendants.
_____/

**ORDER**

      This cause comes before the Court pursuant to Defendants' Motion to Strike Portions of Plaintiff's Affidavit Filed in Opposition to Defendants' Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. #64), filed on January 28, 2008. Plaintiff, Tradition Homes, filed a response (Doc. #67) on February 14, 2008. Defendants ask the Court to strike five sentences contained in the affidavit of Thomas J. Rohs, filed in conjunction with Tradition Homes' Memorandum in Opposition to Defendants' Motion for Summary Judgment (Doc. #50), alleging that these statements are inadmissible hearsay or conclusory. For the reasons below, the motion is denied.

      Affidavits offered with a motion for summary judgment are governed by the requirements of Rule 56, Federal Rules of Civil Procedure, which provides that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible into evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e). Since the Court may only consider evidence admissible at trial, inadmissible hearsay statements may not

be considered and should be stricken. See Pashoian v. GTE Directories, 208 F. Supp. 2d 1293, 1297 (M.D. Fla. 2002). The Court's evidentiary rulings are discretionary. Hessen v. Jaguar Cars, Inc., 915 F.2d 641, 645 (11th Cir. 1990). Defendants argue that the affidavit of Thomas J. Rohs contains inadmissible hearsay and conclusory statements which should be stricken from his affidavit and not considered by the Court.

**A.      Paragraph 28 of Rohs' Affidavit**

The first portion of Paragraph 28 of Rohs' affidavit states:

On April 12, 2006, Tradition Homes was subjected to an unscheduled, surprise inventory audit by 21st Mortgage representative Scott King at its Jacksonville and Ft. White lots. While on the lots, he told our people that "something had occurred" that "threw up all kinds of red flags" about our account. This greatly upset our employees.

(Doc. #51 ¶ 28.) Defendants argue that the second sentence is inadmissible hearsay, and that the third sentence is conclusory and unsupported by the facts. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Tradition Homes contends that Rohs' statement of what King said to Tradition's employees falls under an exception to the hearsay rule. This exception covers statements offered to show "the declarant's then existing state of mind . . . (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed." Fed. R. Evid. 803(3). The declarant's then existing state of mind must be a relevant issue before a statement can be admitted under Rule 803(3). T. Harris Young & Assocs., Inc. v. Marquette Elecs., Inc., 931 F.2d 816, 828 (11th Cir. 1991). Tradition Homes argues that this statement is offered to show King's intent and motive behind his surprise inventory audit, not the truthfulness of King's statement. The Court finds this

argument persuasive. King's motivation for conducting the surprise audit is relevant because King's motives in conducting the surprise audit lend support to the notion that something had in fact occurred. King's motives help establish that Textron had relayed information regarding Tradition Homes to 21st Mortgage, which caused great concern. Thus, King's statement falls under the exception in Rule 803(3). Additionally, Rohs' statement about his employees' reaction to King's audit is not a conclusory argument, but merely his impression of the event. For those reasons, these statements will not be stricken from the affidavit.

> The end of paragraph 28 of Rohs' affidavit states:
>
> After I demanded to know why 21st Mortgage had conducted this unscheduled inventory audit, Mr. King finally, after much reluctance, disclosed that the actions of 21st Mortgage were the result of them having been informed by TFC that Tradition Homes was in serious financial default under the TFC floorplan and was in financial trouble. Mr. King went on to recount with remarkable accuracy in detail all of the specifics of Tradition Homes' proposed work-out plan that I conveyed to Mr. Frye and Mr. Sapienza of TFC just two days earlier.

(Doc. #51 ¶ 28.) Defendants contend that this statement is hearsay.[1] Tradition Homes replies that this statement is not hearsay because it is not being offered to prove the truth of the matter asserted. Tradition Homes argues that this statement is not being offered to prove that Traditions Homes was in financial trouble, but that King made this statement to Rohs, regardless of its truthfulness. King's statements indicated to Rohs that Textron had communicated information regarding Tradition Homes to 21st Century Mortgage. Regardless of the truth of this information, King was under the impression that Tradition Homes was in financial trouble as demonstrated by his remarks to Rohs. The Court agrees with this reasoning and finds that this statement should not be stricken.

### B.     Paragraph 32 of Rohs' Affidavit

---

[1] Defendants also argue that the statement is in direct conflict with King's own testimony at his deposition. The Court does not consider this to be the basis of a proper motion to strike.

Finally, Defendants seek to strike the latter portion of paragraph 32 of Rohs' affidavit, which states:

> 21st Mortgage also de-activated Tradition Homes' floorplan line of credit based solely upon TFC's disclosure to it of Tradition Homes' confidential financial information, and notwithstanding the positive results of the inventory audit, 21st Mortgage never reactivated Tradition Homes' floorplan line of credit.

(Doc. #51 ¶ 32.) Defendants argue that this statement is conclusory, and that Rohs cannot have any personal knowledge of the decision-making process of 21st Mortgage.[2] Tradition Homes responds that Rohs, as President and Managing Member, did have personal knowledge regarding the deactivation of his company's line of credit with 21st Mortgage.  Tradition Homes contends that, a week prior to the alleged improper disclosure, 21st Mortgage proposed to increase its floor plan line of credit to Tradition Homes, and then immediately after the alleged improper disclosure and surprise inventory audit, 21st Mortgage terminated the existing line of credit with Tradition Homes.  Tradition Homes argues that from the facts personally known to Rohs, he deduced the reason for 21st Century's deactivation of Tradition Homes' existing floor plan line of credit.[3]  A statement in an affidavit must be stricken "if it is a conclusory argument rather than a statement of fact, or when the affidavit is not based on personal knowledge."  Johnson v. Scotty's, Inc., 119 F. Supp. 2d 1276, 1281 (M.D. Fla. 2000). However, the Court finds that this statement is not a conclusory argument,

---

[2] Defendants also argue that, despite Rohs' claims in his affidavit that Textron disclosed confidential information, there is no indication in the record that Textron agreed to keep Tradition's financial information confidential.  This argues the issues contained in Defendants' Motion for Summary Judgment, and therefore, the Court will not consider this in ruling on the motion to strike.

[3] Tradition Homes also contends that this is supported by testimony of 21st Mortgage's corporate representative, Matthew Webb, despite Defendants' claims that Rohs' assertions are not supported by the record.

but based upon information personally known to Rohs at the time. Therefore, this statement will not be stricken from the affidavit.

Accordingly, it is now

**ORDERED, ADJUDGED and DECREED:**

Defendants' Motion to Strike Portions of Plaintiff's Affidavit Filed in Opposition to Defendants' Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. #64) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 27th day of March, 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record