UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRADITION HOMES, INC.,

        Plaintiff,

vs.                                       Case No. 3:06-cv-558-J-33HTS

TEXTRON FINANCIAL
CORPORATION, et al.,

        Defendants.
_____/

TEXTRON FINANCIAL CORPORATION,

        CounterPlaintiff,

v.

TRADITION HOMES, LLC, et al.,

        CounterDefendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff/CounterDefendant Tradition Homes, LLC's Motion to Set Aside Judgment (Doc. # 108), which was filed on April 11, 2008. CounterDefendant Tradition Homes, LLC ("Tradition") seeks an Order setting aside the Judgment as to Count I of Textron Financial Corporation's ("Textron") Counterclaim (Doc. # 101), which was entered on March 28, 2008. The Judgment was entered pursuant to this Court's Order partially granting Defendant's Motion for Summary Judgment (Doc. # 99), entered on March 27, 2008. For the reasons set forth below, Tradition's Motion is granted.

**I.   Background**

Tradition Homes operated as a dealer of manufactured homes from 2002 until 2006. (Doc. # 50 at 2.) Manufactured homes dealers require floor plan financing to purchase and maintain their inventory of manufactured housing offered to the public for sale. Tradition obtained its floor plan financing from two lenders: Textron Financing and 21st Mortgage. (Id.) In April of 2006, Tradition experienced operating cash flow difficulties, due to unrepaid loans made to Century Precast, a sister company to Tradition Homes. (Id. at 3.) Realizing it would be unable to meet all of its obligations to Textron under the floor plan financing, Tradition developed a work-out plan which would allow Tradition to satisfy its debts to Textron. (Id. at 3-4.)

Tradition presented this plan to Textron executives Larry Frye and David Sapienza on April 10, 2006. (Id. at 4.) That evening, Textron's Vice President of Sales, Steve Bratcher, spoke with Scott King, a representative of 21st Mortgage. During their conversation, Bratcher intimated that Textron was having problems with Tradition, though there is some dispute as to what exactly Bratcher said to King. (Doc. # 35 at 6.) As a result of this conversation, 21st Mortgage conducted a surprise inventory audit at Tradition and then deactivated Tradition's line of floor plan financing. (Doc. # 50 at 6-7.)

In addition, Textron sent notice of lien payoff requirements

to Tradition's customers. (Doc. # 35 at 7.) Textron desired to receive partial payment of Tradition's debt directly from Tradition's customers. (Doc. # 50 at 7.) These letters allegedly caused panic among Tradition's customers and severely damaged Tradition's business reputation. (Id. at 8-9.) As a result of these events and damage to its reputation, Tradition closed its business in May 2006, ceasing its selling operations. (Id. at 9.)

Tradition filed an Amended Complaint against Textron on April 2, 2007 (Doc. # 19), alleging tortious interference, defamation, trade libel, and violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). Textron filed a Counterclaim (Doc. # 28) on June 4, 2007, seeking collection of unpaid amounts under Tradition's finance plan and asserting a claim for conversion. Count I of Textron's Counterclaim sought collection of $566,828.40 in principal owed by Tradition under the Credit Documentation as of May 25, 2007, as well as accrued interest.[1] (Doc. # 28 at 10-11.)

On November 30, 2007, Textron filed a Motion for Summary Judgment (Doc. # 35), requesting the Court to enter summary judgment against Tradition on all its claims and defenses, and to enter judgment in favor of Tradition on all its counterclaims. Tradition filed its Response (Doc. # 62) on January 8, 2008. Regarding Textron's claim for unpaid funds, Tradition admitted that

---

[1]"Credit Documentation" collectively refers to the finance plan, security agreement, UCC financing statements, and all related documents pertaining to the financing arrangements between Tradition and Textron. (Doc. # 28 at 10-11.)

it owed Textron money under its floor plan finance agreement, but asserted that the damages inflicted by Textron should be applied as a set-off to that debt. (Id. at 19.)

The Court issued an Order on March 27, 2008 (Doc. # 99), granting summary judgment as to Count I of Textron's counterclaim.[2] The Court held that:

> Since Tradition has admitted that it owes Textron the debt under the Credit Documentation, the Court finds that summary judgment is proper on Count I of Textron's Counterclaim. Thus, Textron is awarded $566,828.40 in principal under the Credit Documentation as of May 25, 2007, plus accrued interest.

(Id. at 9.) The Court also directed the Clerk of the Court to "enter judgment accordingly." (Id. at 12.)

Tradition then filed the subject Motion, asking the Court to set aside the Judgment as to Count I of Textron's Counterclaim. Citing to Rule 54 of the Federal Rules of Civil Procedure, Tradition argues that entry of a final judgment as to this single claim is premature because the claim has not yet been completely resolved and the Court did not expressly find that there was no just reason to delay the entry of final judgment. (Doc. # 108 at 3.) Textron argues that the Court properly exercised its discretion in directing final judgment because the Count I claim is an undisputed claim that is separate and distinct from the remaining claims. (Doc. # 128 at 3.)

---

[2]The Court's March 27, 2008, Order denied summary judgment as to all of Tradition's claims, as well as the remaining three counts of Textron's counterclaim. (Doc. # 99 at 10-11.)

## II. Legal Standard

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the Court may alter or amend a judgment on motion filed no later than ten days after judgment is entered. Fed.R.Civ.P. 59(e) (2008).

Rule 54(b) of the Federal Rules of Civil procedure governs the entry of judgment in a case involving multiple claims or parties and provides as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the Court may direct entry of a Final Judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Hence, an adjudication of less than all of the claims in a suit is not a final judgment subject to appeal unless the Court has certified that there is no just reason for delay in making the judgment final, "regardless of how that order is styled." In re Yarn Processing Patent Validity Litigation, 680 F.2d 1338, 1339 (11th Cir. 1982). "The purpose of [Rule 54(b)] is to codify the historic practice of prohibit[ing] piecemeal disposition of litigation and permitting appeals only from final judgments except

in the infrequent harsh case where the district court makes the certification contemplated by the Rule." Vann v. Citicorp Sav. of Ill., 891 F.2d 1507, 1509-10 (11th Cir. 1990) (internal citations omitted).

### III. Analysis

Tradition argues that partial summary judgment as to Count I of Textron's Counterclaim cannot be considered "final" because (1) several affirmative defenses applicable to Count I remain outstanding and unresolved, and (2) the Court did not expressly determine that there is "no just reason for delay" in entering a final disposition on that claim. In addition, Tradition contends that Federal Rule of Civil Procedure 56(d) governs the rendering of partial summary judgment and militates against entry of a final judgment when a case is not fully adjudicated on the motion for summary judgment. (Doc. # 108 at 6.)

The United States Supreme Court has outlined a two-step process for determining whether a partial judgment may be certified as final under Rule 54(b). Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980). The district court must first establish that the adjudication is in fact a "final judgment." Id. A judgment is considered "final" if it "disposes entirely of a separable claim." Lloyd Nolan Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 779 (11th Cir. 2007). If the judgment is deemed final, the court must then "determine whether there is any just reason for delay," taking into account "judicial administrative interests as well as

the equities involved." Curtiss-Wright Corp., 446 U.S. at 7.

Regarding the finality prong of Rule 54(b), Tradition contends that, because it has asserted affirmative defenses that claim a right to apply damages recovered from Textron as a set-off from the amounts owed under the Credit Documentation, no judgment as to the amount owed under the Credit Documentation can be considered "final." (See Doc. # 29 at 6-9.) In response, Textron asserts that the set-off sought by Tradition arises out of a separate claim and therefore cannot constitute a "defense." (Doc. # 128 at 6.) Regardless of whether the set-off is characterized as a separate claim or an affirmative defense, the fact remains that Tradition seeks to reduce the amount it owes under the Credit Documentation by the amount of damages, if any, awarded on Tradition's claims. To the extent that the Court's determination as to Tradition's claims may alter the amount that Tradition ultimately must pay to Textron under Count I, the judgment as to Count I cannot be considered final.

In addition, the March 27, 2008, Order failed to address the second requirement for finality under Rule 54(b). It is well established that a judgment is not "final" under Rule 54(b) unless the district court first "determine[s] that there is no 'just reason for delay' in certifying it as final and immediately appealable." Lloyd Nolan Found., Inc., 483 F.3d at 777; see also In re Yarn Processing, 680 F.2d at 1339 (holding that, unless a court first makes "an express determination that there is no just

reason for delay," an order determining fewer than all the claims in a suit is not a final judgment). The Court did not discuss possible reasons for delaying final judgment, and that alone justifies an order vacating the entry of judgment on Count I. However, it bears noting that the circumstances in this case do provide just reason for delay. Entry of a final judgment awarding Textron the full amount due under the Credit Documentation creates rights to collection and appeal that are premature given the nature of the claims that remain unresolved. Thus, summary judgment as to Count I of Textron's Counterclaim is not properly certified as a final judgment.

Pursuant to Rule 54(b), an Order that is not properly certified as final "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b) (2008). Rule 56(d) also addresses partial summary judgment, and the Advisory Committee Notes to that Rule explain that "a partial summary 'judgment' is not a final judgment, and, therefore not appealable, unless . . . some statute allows an appeal from the interlocutory order involved. The partial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case." Fed.R.Civ.P. 56(d) (2008), Advisory Comm. Notes, 1946 Amendment. When granting partial summary judgment, Rule 56(d) directs the Court to issue an order identifying "what material facts are not genuinely at issue." FedR.Civ.P. 56(d)(1).

For the above reasons, the Court finds that its March 27, 2008, decision awarding partial summary judgment in favor of Textron as to Count I of its Counterclaim is not a properly certified final judgment pursuant to Rule 54(b). Thus, it is appropriate to vacate this Court's Judgment in a Civil Case (Doc. # 101) entered on March 28, 2008. This Court's finding that Tradition is liable to Textron for $566,828.40 in principal under the Credit Documentation as of May 25, 2007, plus interest, is considered established for purposes of trial.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff/CounterDefendant Tradition Homes, LLC's Motion to Set Aside Judgment (Doc. # 108) is **GRANTED.**

(2) The Court's March 28, 2008, Judgment in a Civil Case (Doc. # 101) is **VACATED**.

(3) Tradition Homes, LLC's liability to Textron for $566,828.40 in principal under the Credit Documentation as of May 25, 2007, plus interest, is considered established for purposes of trial.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>14th</u> day of July, 2008.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

copies to:

All counsel of record